Harry M. HOXSEY and Bonnie J. Hoxsey, doing business as Hoxsey Oil Company, and C. L. Fowler and C. J. Jones, as co-partners, doing business as Fowler and Jones Oil Company, Plaintiffs,

v.

J. F. BEAIRD, Jr., and Theo Reed Thomas, Defendants.

Civ. No. 67–271.

United States District Court
W. D. Oklahoma.

May 28, 1968.

Memorandum Opinion July 11, 1968.

John McKee, of Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Okl., for plaintiffs.

Sam S. Gill, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

In the above case, the pretrial order provided in part:

"1. It was agreed by the parties that the case is at issue, that the parties are proper and that the Court has jurisdiction."

The parties waived a jury and tried the case to the Court.

At the non-jury trial, the defendants objected for the first time that the plaintiffs Harry M. Hoxsey and C. L. Fowler are not the real parties in interest or the proper parties to prosecute this action to void the oil and gas lease transaction involved herein by reason of fraud and false misrepresentations and recover the amount paid for the oil and gas lease. This objection was based on the facts that the oil and gas lease purchased from the defendants was taken in the name of Harry M. Hoxsey and Bonnie J. Hoxsey d/b/a Hoxsey Oil Company, and then later but pursuant to a verbal arrangement agreed upon before the oil and gas lease was bought from the defendants an undivided one-half interest therein was assigned by Harry M. Hoxsey and Bonnie J. Hoxsey doing business as Hoxsey Oil Company to Fowler and Jones Oil Co., a partnership comprised of C. L. Fowler and C. J. Jones of Long Beach, California. These facts are shown by the in-struments themselves as placed in evidence at the trial. As shown by the Complaint herein the plaintiffs bringing this action are Harry M. Hoxsey and C. L. Fowler as individuals.

Ordinarily, matters agreed upon at a pretrial conference constitute admissions or agreements governing the case and obviate the necessity of certain proof at the trial. Holcomb v. Aetna Life Insurance Company, 255 F.2d 577 (10 Cir. 1958). But in the interest of preventing a possible injustice or to avoid serious consequences that might flow from an adjudication being concluded with known improper parties being involved and certain rights and liabilities not being finally and completely settled, the Court should disregard pretrial agreements and proceed in such manner when possible to bring about a complete settlement of the controversy without the presence of doubt that all proper parties are in Court.

Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part as follows:

"Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Since the defendants agreed at the pretrial hearing that the parties were proper parties and did not object to the plaintiffs being improper parties until the trial was under way, the Court orders that Harry M. Hoxsey and Bonnie J. Hoxsey doing business as Hoxsey Oil Company, and C. L. Fowler and C. J. Jones as co-partners doing business as Fowler and Jones Oil Company, a partnership, be joined or substituted as parties plain-

tiff and that the new parties plaintiff ratify the commencement of the action and the proceedings had at the non-jury trial herein. If any party sees the need for further evidence herein or a new non-jury trial the Court should be notified within ten (10) days from the joinder and substitution of parties plaintiff as ordered herein. Otherwise, the Court will decide the case with the new parties plaintiff being joined or substituted and ratifying the commencement of the action and the proceedings had at the non-jury trial on the basis of the pleadings and the evidence with exhibits presented to the Court at the non-jury trial had herein.

## MEMORANDUM OPINION

In this case the above Plaintiffs seek to recover from the above Defendants the sum of $5,275.00 as actual damages and $10,000.00 as punitive damages, claiming that by the fraud and false misrepresentations of the Defendants, the Plaintiffs parted with the former figure for the purchase of an oil and gas lease in Cherokee County, Oklahoma, from the Defendants.

The alleged fraud and false misrepresentations are that the Defendant Beaird stated to the Plaintiffs that he was the manager of Western Geophysics Company for five states and in such capacity had made six core drillings on the land involved in the oil and gas lease for the Phillips Petroleum Company with the result that oil was encountered at 800 feet and free oil rose to 150 feet in the hole; that it was impossible to drill a dry hole on the property; that Phillips Petroleum Company wanted an oil and gas lease on the land but that he could obtain an oil and gas lease on the land from the owners thereof for the Plaintiff ahead of Phillips by using the Defendant Thomas to obtain the same, the said Thomas being represented to the Plaintiffs to be a land man for the Phillips Petroleum Company, and that the price to the Plaintiffs would be the exact price called for by the land owners, namely, $5.00 per acre, whereas, in truth the Defendant Beaird

was not the manager of or even employed by the Western Geophysics Company, the land involved had not been core drilled, the Defendant Thomas was not a land man for Phillips Petroleum Company but operated a Phillips 66 Service Station and the actual price of the land owners for the oil and gas lease was only $1.00 per acre.

The Defendants denied the alleged fraud and false misrepresentations. Their only evidence was an exhibit entitled "Memo: Agreement" signed by the Plaintiffs, Harry M. Hoxsey and Bonnie J. Hoxsey, to the effect that they relied on geological information of some other party (the brother-in-law of Bonnie J. Hoxsey, who was not a geologist) in purchasing the property and that the Defendant Beaird did not show to them any geological information, maps, core samples or electric logs, etc., with reference to the property.

At the trial, the Defendants objected to the testimony of Bonnie J. Hoxsey by reason of her being the wife of the Plaintiff Harry M. Hoxsey. Such objection has been stripped of any validity by reason of Bonnie J. Hoxsey being made a party Plaintiff pursuant to the Order of the Court entered herein on June 4, 1968, and moreover, even if not a party plaintiff her testimony is admissible with reference to the transaction involved herein as the evidence shows that she acted as the agent of her husband regarding said transaction and is therefore competent to testify. 12 Oklahoma Statutes, 385.

The Court finds from the evidence herein that the Defendant Beaird is guilty of having committed a fraud on the Plaintiffs by falsely representing to them that he had certain information regarding the land involved as a result of his being manager of Western Geophysics Company covering five states and that the property had been core drilled by said Company with oil found in the process and that he was letting the Plaintiffs have the lease for the sum of $5.00 per acre, represented to be the actual cost

of the lease from the land owners. The Court finds that these statements by the Defendant Beaird were false and fraudulently made in that he was not manager of Western Geophysics Company for five states or even employed by said Company, the property had not been core drilled and oil found in the process, and the cost of the lease from the land owners was $1.00 per acre rather than the represented figure of $5.00 per acre. The Court further finds that these representations made by the Defendant Beaird to the Plaintiffs were material to the transaction in which the parties were engaged; that they were false statements; that the Defendant Beaird knew they were false when he made the same; that the statements were made by the Defendant Beaird with the intention that the Plaintiffs would act and rely on the same; that the Plaintiffs did act in reliance thereon; and as a result the Plaintiffs have suffered actual damages in the amount of the consideration involved, namely, $5,275.00. Hulbert v. Givens, 392 P.2d 729 (Okl.1964). The Court further finds from the evidence that the Plaintiffs have established the above mentioned fraud and false misrepresentations of the Defendant Beaird not only to a reasonable degree of certainty but by evidence which is clear, cogent and convincing. Hulbert v. Givens, supra.

■ With reference to the said "Memo: Agreement", the Court finds that the Defendant Beaird obtained the same as a part of his fraudulent scheme; that the Plaintiffs, Harry M. and Bonnie J. Hoxsey gave the Defendant the same at his request on the false representation of the Defendant Beaird that he needed it for his protection regarding his job as manager of Western Geophysics Company for five states; that since the Defendant Beaird was not employed by a Western Geophysics Company in any capacity, the Court finds that his real reason for obtaining the instrument was to deter litigation against him for his fraud and false misrepresentations, and for use as evidence in a case against him for his fraud and false misrepresentations, and that in these circumstances the said "Memo: Agreement" is tainted with the fraud of the Defendant Beaird and its validity for any purpose is thereby destroyed. Berry v. Stevens, 168 Okl. 124, 31 P.2d 950 (1934).

The Court therefore finds that the oil and gas lease transaction involved herein is and should be declared void by reason of the said fraud and false misrepresentations of the Defendant Beaird, and by reason thereof the Plaintiffs are entitled to recover of and from the Defendant Beaird the consideration parted with by them for the oil and gas lease, namely, the sum of $5,275.00 as actual damages.

■ With reference to the Defendant Thomas the Court finds from the evidence presented by the Plaintiff herein that the same is insufficient to charge him with making any false misrepresentations or being guilty of fraud as to the Plaintiffs. It is true that he passed the $5,275.00 check which the Defendant Beaird had caused to be made to him, through his bank account and received $275.00 from the Defendant Beaird for doing this. However, the undisputed testimony is that none of the Plaintiffs or their agents ever talked to or saw this Defendant; that he knew actually nothing of the oil and gas lease transaction and deposited the said check in his bank account on the assurance by the Defendant Beaird that the oil and gas transaction involving the check was legal in all respects. The Court therefore finds and concludes that the evidence is insufficient to charge this Defendant with fraud or false misrepresentation, and thereby responsible in damages to the Plaintiffs.

■■ With reference to the Plaintiffs' claim for punitive damages, the Court finds that the Plaintiffs in the purchase of the oil and gas lease were proceeding with unclean hands, in that they bought and did acquire the oil and gas lease on the strength and basis of confidential core drilling information to which they knew they were not entitled. While the evidence clearly shows fraud and false misrepresentations on the part of

the Defendant Beaird and that he acted maliciously, fraudulently and with evil intent, nonetheless, the matter of punitive damages is not a matter of right to the Plaintiffs and an award of the same rests in the sound discretion of the trier of the facts. Therefore, in the circumstances of this case the Court declines to award the Plaintiffs punitive damages. 22 Am.Jur.2d, Damages, Sec. 240 at page 327.

The Plaintiffs are therefore entitled to recover judgment against the Defendant Beaird in the amount of $5,275.00, and the Defendant Thomas is entitled to judgment in his favor against the Plaintiffs. Counsel for Plaintiffs will prepare an appropriate judgment to be signed by the Court.